IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.                                                                                      No. 06-2611

SHARP MANUFACTURING COMPANY
OF AMERICA, A DIVISION OF SHARP
ELECTRONICS CORPORATION,

      Defendant.
_____

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE
_____

The Plaintiff, Equal Employment Opportunity Commission ("EEOC"), brought the instant action against Defendant Sharp Manufacturing Company of America ("Sharp") on behalf of Delores Vaughn, one of Sharp's former employees, claiming that the Defendant violated the Americans with Disabilities Act ("ADA"). Before the Court is Sharp's motion to strike. (Doc. No. 20.) The Defendant argues that certain exhibits that were attached to the EEOC's response to Sharp's summary judgment motion are inadmissible. These exhibits consist of unsigned affidavits drafted by an EEOC investigator on behalf of some of Vaughn's coworkers. (Doc. No. 24, Pl.'s Resp. in Opp. to Def.'s Mot to Strike ("Pl.'s Resp. in Opp."), at 3.) Sharp argues that these affidavits are inadmissible because 1) they are hearsay; and 2) they have not been properly authenticated. (Doc. No. 20, Def.'s Mot. to Strike, at 2-3.) The EEOC has responded to the Defendant's motion, contending that the affidavits are business records that are admissible under Rule 803(6) of the Federal Rules of Evidence. (Doc. No. 24, Pl.'s Resp. in Opp., at 3.) This motion is now appropriate

for disposition.

As a general rule, hearsay is not admissible unless the Federal Rules of Evidence provide an exception. Fed. R. Evid. 802. One such exception permits the admission of

> [a] memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed. R. Evid. 803(6). In other words, business records are not excluded as hearsay if the offering party can show that "(1) the records were made in the course of a regularly conducted business activity; (2) the records were kept in the regular course of business; (3) it was the regular practice of the business to make the records; and (4) the records were made by a person with knowledge of the transaction or from information transmitted by a person with knowledge." Thorn Apple Valley, Inc. v. Allianz Life Ins. Co. of N. Am., No. 94-1841, 1995 WL 704269, at *4 (6th Cir. Nov. 29, 1995) (citing Redken Lab. v. Levin, 843 F.2d 226, 229 (6th Cir.), cert. denied, 488 U.S. 852 (1988)).

Sharp insists that the exhibits are "nothing more than unsworn and unsigned statements" by certain of its employees, "which are not authenticated in any manner by the employees in question, and are offered to prove the facts asserted therein and are clearly hearsay." (Doc. No. 20, Def.'s Mot. to Strike, at 2-3.) The EEOC contends the statements are admissible under the business record exception because they were gathered by an EEOC investigator in the regular course of business. (Doc. No. 24, Pl.'s Resp. in Opp., at 2-3.) According to the Plaintiff, it is the normal practice of the EEOC to assign a case to an investigator and have that investigator interview management witnesses and employees at the charging party's place of employment. (Id. at 2.) The investigator takes notes

of those interviews and transfers them onto EEOC Affidavit forms, at which point they become part of the administrative record. (Id. at 3.) In this case, investigator Tim Williams questioned Nicole Sullivan, Walter Chalmers, and Willie Rice. (Id.) At the time of the interviews, Williams informed the three that he was a federal agent and that all questions must be answered truthfully. (Id.)

In addition to arguing that the affidavits "fall squarely" into the business records exception to the hearsay rule, the Plaintiff contends that trial courts can admit the EEOC's findings. (Id. at 3-4 (citations omitted).) In Heard v. Mueller Co., the Sixth Circuit indicated that it is within trial courts' discretion whether to admit a final investigation report issued by the EEOC into evidence. 464 F.2d 190, 194 (6th Cir. 1972); see also Blakely v. City of Clarksville, No. 06-5372, 2007 WL 2258846, at *2 (6th Cir. Aug. 7, 2007) ("A trial court has the discretion to allow an EEOC determination into evidence, even though these determinations are not *per se* admissible in all civil rights suits."); see also Smith v. Universal Servs., 454 F.2d 154, 157-58 (5th Cir. 1972) (holding that an EEOC report, "consisting of a summary of the charges, a brief review of the facts developed in its investigation, and its finding of probable cause that violations exist," was admissible under the business records exception where it "was prepared by an investigator for the EEOC, pursuant to its statutory mandate, and was not prepared in anticipation of litigation"). Notably, unlike in the present case, the EEOC was not a party in Smith, Heard or Blakely, a factor that arguably would make any factual findings in the report more reliable. See Smith, 454 F.2d at 158 ("The Commission is not a party to the litigation and can have no interest therein. The investigator had no personal involvement in the situation. There is no reason to suspect any lack of trustworthiness.")

The fact that the determinations of the EEOC may be admissible under certain circumstances, however, does not meant that the evidence upon which those conclusions are based is automatically admissible as well. In Cruz v. Aramark Services, Inc., the Fifth Circuit revisited an earlier opinion that had held that such reports are admissible and clarified that

3

> while the EEOC report may fall within the business records hearsay exception, the same cannot be said of the entire EEOC *file*. The business records hearsay exception applies to the EEOC's report and determination, but it does not apply to the underlying material collected during the EEOC investigation.

No. 06-50035, 2007 WL 98358, at *2 (5th Cir. Jan. 11, 2007) (internal footnote omitted). The court in Cruz thus concluded that several documents from the EEOC file were correctly excluded by the district court, including a statement by a witness that was "actually an unsigned document prepared by the EEOC investigator." Id.; see also Pena v. Stewart Tile Co., No. H-06-3003, 2007 WL 2903844, at *4 (S.D. Tex. Oct. 3, 2007) ("As to Exhibit S (notes of witness interviews conducted by the EEOC investigator), the court finds no form of authentication in the record and finds that the exhibit contains hearsay. Plaintiff's objection to that exhibit is SUSTAINED."); Wells v. XPEDX, No. 8:05-CV-2193-T-EAJ, 2007 WL 2696566, at * (M.D. Fla. Sept. 11, 2007) (excluding certain unsigned, unsworn statements submitted by the EEOC on the basis that they were not properly authenticated).

Applying Cruz, the Court concludes even if the unsigned, unsworn affidavits were properly authenticated by the EEOC, they are not admissible under Rule 803(6) of the Federal Rules of Evidence. While the statements may have been collected in the regular course of an EEOC investigation, they do not have the indicia of reliability required of an exception to the hearsay rule because they were gathered in anticipation of litigation in which the EEOC is a party. See Fed. R. Evid. 803(6) (stating that business records are admissible "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness"); E.E.O.C. v. Ford Motor Co., No. 95-3019, 1996 WL 557800, at *12 (6th Cir. 1996) ("We reject the notion that the EEOC is impartial . . . . Our analysis leads to the conclusion that the exclusion of an EEOC cause determination does not 'deprive' a Title VII plaintiff of the admission of any evidence that the plaintiff is entitled to introduce. . . . Plaintiffs are not entitled to have admitted evidence that is properly excluded under the Federal Rules of Evidence.") (internal citation omitted). Admitting

4

these "affidavits" under the auspices of the business records exception would permit the Plaintiff to end-run the Federal Rules of Evidence.

For the foregoing reasons, the Defendant's motion to strike is hereby GRANTED.

IT IS SO ORDERED this 22nd day of January, 2008.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE